FILED
2019 Jan-11 PM 04:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT 1

# (Complaint)

ELECTRONICALLY FILED
12/5/2018 9:23 PM
01-CV-2018-904888.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY

| | |
|---|---|
| KEVEN ROBINSON, ON BEHALF OF HIMSELF AND THOSE SIMILARLY SITUATED, <br><br> PLAINTIFF, <br><br> V. <br><br> VIRGINIA COLLEGE, LLC; AND EDUCATION CORPORATION OF AMERICA, <br><br> DEFENDANTS. | CIVIL ACTION No.: _____ <br><br> CLASS ACTION COMPLAINT <br> JURY TRIAL DEMANDED |

### CLASS ACTION COMPLAINT

COMES NOW, PLAINTIFF KEVEN ROBINSON, on behalf of himself and all similarly situated persons and alleges against Defendants Virginia College, LLC ("VC") and Education Corporation of America ("ECA") as follows:

### INTRODUCTION

1. Until today, December 5, 2018, VC and ECA, both Alabama headquartered companies, operated and ran one of the largest for-profit colleges in the United States including one located in Jefferson County, Alabama at 488 Palisades Blvd, Birmingham, AL 35209.

2. On the evening of December 4, 2018, the Accrediting Council for Independent Colleges and Schools suspended VC and ECA's accreditation making all degrees previously earned valueless and any future degrees worthless also.

3. As a result of the lack of accreditation, VC and ECA could no longer seek federal funding thus effectively shutting down their businesses.

4. As a result of the lack of accreditation, course work performed by Plaintiff Robinson and the Class are not recognized by other higher education providers which will require

1

them to repeat and repay tuition for the same coursework at another institution in order to obtain degrees.

5. As of this morning, December 5, 2018, VC and ECA closed all campuses nationwide leaving students and employees helpless.

6. Until December 5, 2018, ECA operated more than 75 campuses and had at least 20,000 students enrolled in courses including cosmetology, culinary arts, massage therapy, medical assistant, and dental assistant.

7. On December 5, 2018, VC and ECA abruptly closed their doors without warning current or former students and falsely blaming the Department of Education for the closures.

8. Former students who graduated with degrees now have those degrees tainted and devalued.

9. Current students who have paid tuition to VC and ECA have no chance of obtaining any degrees from VC or ECA and thus their tuition payments paid to date provided them no benefit.

10. VC and ECA are liable to former students for some of the tuition paid while VC and ECA are liable to current students who have not yet obtained the degree they are seeking for their entire tuition payments.

**PARTIES AND JURISDICTION**

11. Plaintiff Keven Robinson is an Alabama citizen, residing and domiciled in Jefferson County, Alabama.

12. Defendant Virginia College, LLC is an Alabama limited liability company with its principal place of business in Montgomery, Alabama. VC may be served through its registered agent at National Registered Agents Inc., 2 North Jackson Street Suite 605, Montgomery, AL 36104. VC operates a location within Jefferson County.

13. Defendant Education Corporation of America is a Delaware corporation with its principal place of business located at 3660 Grandview Parkway Suite 300, Birmingham, Alabama 35243. ECA may be served through its registered agent at National Registered Agents Inc., 2 North Jackson Street Suite 605, Montgomery, AL 36104.

## FACTS SPECIFIC TO PLAINTIFF

14. Plaintiff Robinson is a former Virginia College at Birmingham student.

15. Plaintiff Robinson was a student at VC from 2000 – 2011 obtaining an Associates Degree in Therapeutic Massage, a Bachelors Degree in Health Services Management, and a Masters of Business Administration.

16. From his VC education, Plaintiff Robinson currently has over $100,000 in student debt for which he pays over $300 per month to his loan servicer.

17. Plaintiff Robinson is 47 years old and does not expect to be able to pay off his student loan debt prior to his death.

18. Plaintiff Robinson was promised by VC and ECA that after he graduated, his degree would provide him the necessary credentials to obtain meaningful and gainful employee.

19. Plaintiff Robinson was also promised by VC and ECA that their career services office would be available free of charge to assist him with "placement services after he graduated."

20. Plaintiff Robinson's degrees did not provide him the necessary credentials to obtain meaningful and gainful employment and now that VC and ECA are closed, they can no longer provide him the promised "placement services."

21. Plaintiff Robinson's degrees are now significantly devalued because VC is no longer accredited, VC cannot and does not provide career placement services, and persons

3

reviewing his resume who see VC immediately correlate him with a failed and dysfunctional school which seriously decreases his chances of obtaining meaningful employment.

## CLASS ACTION ALLEGATIONS

22. Plaintiff Robinson brings this action as a class action pursuant to Rule 23 of the Alabama Rules of Civil Procedure for the following classes (collectively, the "Class"):

   a. All students who paid tuition to and obtained a degree from Virginia College and who were not enrolled there as of noon central time on December 4, 2018 ("Former Student Class"); and

   b. All students who paid tuition to and who were enrolled at Virginia College as of noon central time on December 4, 2018 but who had not yet obtained the degree for which they paid tuition. ("Current Student Class").

   c. All students who are Alabama citizens and who paid tuition to and obtained a degree from Virginia College and who were not enrolled as of noon central time on December 4, 2018 ("Former Student Subclass"); and

   d. All students who are Alabama citizens and who paid tuition to and were enrolled as of noon central time on December 4, 2018 but who had not yet obtained the degree for which they paid tuition. ("Current Student Subclass").

23. Excluded from each proposed class is any member of the judiciary, any person currently in bankruptcy, any person whose obligations have been discharged in bankruptcy, any person who is a current employee of VC or ECA, and any government agency or entity.

24. Plaintiff Robinson maintains the right to create additional subclasses or classes, if necessary, and to revise these definitions to maintain a cohesive class that does not require individual inquiry to determine liability.

## EXISTENCE AND PREDOMINANCE OF
## COMMON QUESTIONS OF LAW AND FACT

25. There are common questions of law and fact that are of general interest to the Class. These common questions of law and fact predominate over any questions affecting only individual members of the Class. Such common questions include, but are not limited to, the following:

   a. Whether VC and ECA acted negligently in operating and managing their businesses.

   b. Whether VC and ECA were wanton in operating and managing their businesses.

   c. Whether VC and ECA deceptively advertised and sold their education services to Plaintiff Robinson and the Class.

   d. Whether Plaintiff Robinson and the Class's degrees were devalued as a result of VC and ECA's closing.

   e. Whether members of the Current Student Class and Current Student Subclass's tuition payments and course work provided no benefit to them.

   f. Whether VC and ECA provided warranties to Plaintiff Robinson and the Class, and subsequently breached said warranties.

   g. Whether VC and ECA entered into contracts with Plaintiff Robinson and the Class, and subsequently breached said contract.

   h. Whether VC and ECA were unjustly enriched to Plaintiff Robinson and the Class's detriment.

   i. Whether Plaintiff Robinson and the Class suffered injury as a result of VC and ECA's wrongdoing.

## TYPICALITY AND NUMEORSITY

26. The claims of Plaintiff Robinson are typical of the claims of the Class. Based on information and belief, the total number of members of the Class exceeds 100 members and is so numerous that separate joinder of each member is impracticable.

## ADEQUATE REPRESENTATION

27. Plaintiff Robinson will fairly and adequately protect the interests of the Class and have no interest antagonistic to those of other Class members. Plaintiff Robinson has retained class counsel competent to prosecute class actions and such class counsel is financially able to prosecute this action.

## SUPERIORITY

28. The class action is superior to other available methods for the fair and efficient adjudication of this controversy since individual joinder of all members of the Class is impracticable. The interests of the judicial economy favor adjudicating the claims for the Class rather than on an individual basis. The class action mechanism provides the benefit of unitary adjudication, economies of scale, and comprehensive supervision by a single court.

29. Questions of law and fact predominate over any questions affecting only individual members.

## CAUSES OF ACTION
## COUNT I – NEGLIGENCE

30. All allegations and paragraphs in this complaint are incorporated by reference.

31. VC and ECA negligently operated, managed, and marketed their degree programs.

32. VC and ECA had a duty to Plaintiff and the Class to reasonably operate, manage, and market their degree programs.

33. VC and ECA breached their duty to use due care in operating, managing, and

6

marketing their degree programs when they failed to be financially stable and were forced to close.

34. As a direct and proximate result of VC and ECA's breach of duty, resulting in negligence, Plaintiff Robinson and the Class suffered damages and injuries as described herein.

35. Plaintiff Robinson and the Class's resulting damages and injuries include, but are not limited to, the loss of value of their degrees, the loss of any opportunity to complete unfinished degree programs, and the loss of all monies paid to the Defendants as tuition.

### COUNT II – WANTONESS

36. All allegations and paragraphs in this complaint are incorporated by reference.

37. VC and ECA wantonly operated, managed, and marketed their degree programs.

38. VC and ECA had knowledge of the risk of their actions when operating, managing, and marketing their degree programs.

39. VC and ECA showed conscious and reckless disregard for the financial and educational well being of Plaintiff Robinson and the Class.

40. VC and ECA focused on generating revenue and receiving tuition payments rather than ensuring Plaintiff Robinson and the Class's financial and educational wellbeing.

41. As a direct and proximate result of VC and ECA's wantonness, Plaintiff Robinson and the Class suffered damages and injuries as described herein.

42. Plaintiff Robinson and the Class's resulting damages and injuries include, but are not limited to, the loss of value of their degrees, the loss of any opportunity to complete unfinished degree programs, the loss of all monies paid to the Defendants as tuition, and punitive damages.

### COUNT III – ALABAMA DECEPTIVE TRADE PRACTICES ACT

43. All allegations and paragraphs in this complaint are incorporated by reference.

7

44. VC and ECA's marketing, sale and/or distribution of the education services and Plaintiff Robinson and the Class's purchase of the educational services were a sale or distribution of goods and services to a consumer within the meaning of the ALABAMA DECEPTIVE TRADE PRACTICES ACT (CODE OF ALABAMA §§ 8-19-1, et seq.).

45. Plaintiff Robinson and the Class purchased the educational services for personal, family, or household use.

46. VC and ECA's acts and practices as described herein have misled and deceived and/or are likely to mislead and deceive Plaintiff Robinson, the Class, and the general public.

47. VC and ECA have advertised, marketed, and sold the educational services falsely. Thus, VC and ECA have wrongfully by:

a. represented that their goods and services (i.e., the "educational services") have sponsorship, approval, characteristics, uses, benefits, or qualities that they do not have;

b. represented that their goods and services (i.e., the "educational services") are of a particular standard, quality, or grade, or that their goods and services (i.e., the "educational services") are of a particular style or model, if they are of another;

c. failed to provide adequate warnings or instruction that one exercising reasonable care would and should have provided concerning the educational services and that they were not as promised;

d. knowingly, intentionally, and/or recklessly omitted, suppressed, and/ or concealed the true, false and deceptive nature of the educational services;

e. knowingly, intentionally, and/or recklessly omitted, suppressed, and/or concealed that the educational services were subpar;

8

f.  knowingly, intentionally, recklessly, or negligently omitted proper warnings from being placed on VC and ECA's literature, or otherwise calling attention to the fact that VC and ECA were inept at operating and managing educational services; and,

g.  engaged in unconscionable, false, misleading, and/or deceptive acts and/or practices in the conduct of trade or commerce – marketing, advertising, and selling the educational services.

h.  By their actions, VC and ECA disseminated uniform false advertising through their literature, concerning the educational services, which by its nature is unfair, deceptive, untrue, and/or misleading within the meaning of the ALABAMA DECEPTIVE TRADE PRACTICES ACT. Such actions are likely to deceive, do deceive, and continue to deceive the general public for all the reasons detailed herein above.

48.  VC and ECA intended for Plaintiff Robinson and the Class to rely on their representations and omissions and Plaintiff Robinson and the Class did rely on VC and ECA's misrepresentations and omissions of fact.

49.  The misrepresentations and omissions of fact constitute deceptive, false and misleading advertising in violation of the ALABAMA DECEPTIVE TRADE PRACTICES ACT.

50.  By performing the acts described herein VC and ECA caused monetary damage to Plaintiff Robinson and the Class of similarly situated individuals as described herein.

51.  As a direct and proximate result of the foregoing, Plaintiff Robinson and the Class members suffered, and continue to suffer, financial damage and injury, and are entitled to all damages, including punitive damages, in addition to costs, interest and fees, including attorneys' fees, as allowed by law.

## COUNT IV – BREACH OF IMPLIED WARRANTY

52. All allegations and paragraphs in this complaint are incorporated by reference.

53. Plaintiff Robinson and the Class all paid valuable monies to VC and ECA, with some people, including Plaintiff Robinson, paying more than $100,000.

54. VC and ECA are merchants of "for profit" education.

55. VC and ECA are thereby under a duty that requires their educational services to be fit for the ordinary purpose for which the education is sought.

56. The education services must pass without objection in trade for their description.

57. VC and ECA have not validly disclaimed, excluded, or modified the implied warranties or duties described above, and any attempted disclaimer or exclusion of the implied warranties was and is ineffectual.

58. VC and ECA's educational services and degrees are now unmerchantable in that Plaintiff Robinson and the Class have devalued degrees and/or are unable to obtain any future degrees utilizing existing coursework.

59. Plaintiff Robinson and the Class sought degrees from VC and ECA in the normal manner.

60. Despite Plaintiff Robinson and the Class's undertaking the recommended course work, their degrees are devalued and/or they can no longer obtain an actual degree.

61. VC and ECA had knowledge of and received timely notice regarding the issues, and notwithstanding such notice, failed and refused to offer an adequate or suitable remedy which would make Plaintiff Robinson and the Class whole.

62. As a direct and proximate result of VC and ECA's breach of the implied warranty of merchantability, Plaintiff Robinson and the Class suffered damages and injuries.

63. Plaintiff Robinson and the Class's resulting damages and injuries include, but are not limited to, the loss of value of their degrees, the loss of any opportunity to complete unfinished degree programs, the loss of all monies paid to the Defendants as tuition, and punitive damages.

## COUNT V – BREACH OF CONTRACT

64. All allegations and paragraphs in this complaint are incorporated by reference.

65. Plaintiff Robinson and the Class entered into contracts with VC and ECA, under the terms of which both parties agreed to perform certain obligations.

66. In exchange for tuition payments received from Plaintiff Robinson and the Class, VC and ECA agreed to provide Plaintiff Robinson and the Class with courses of studies designed to ultimately end in the student receiving a meaningful degree from the defendants.

67. Plaintiff Robinson and the Class fulfilled their obligations to VC and ECA under the agreement.

68. VC and ECA breached their agreement with Plaintiff Robinson and the Class by terminating their program in the middle of a semester, leaving Plaintiff Robinson and the Class with unfinished course work and degrees which they will never be able to complete

69. VC and ECA also breached their agreement with Plaintiff Robinson and the Class by failing to provide the promised and important career placement services.

70. Because of the aforesaid mentioned loss of accreditation by VC and ECA, Plaintiff Robinson and the Class are unable to transfer their completed classes to another institution to complete their degrees.

71. As a direct and proximate result of VC and ECA's breach of contract, Plaintiff Robinson and the Class suffered damages and injuries as described herein.

72. Plaintiff Robinson and the Class's resulting damages and injuries include, but are not limited to, the loss of value of their degrees, the loss of any opportunity to complete unfinished degree programs, the loss of all monies paid to the Defendants as tuition, and punitive damages.

## COUNT VI - UNJUST ENRICHMENT

73. All allegations and paragraphs in this complaint are incorporated by reference.

74. Plaintiff Robinson and the Class conferred a benefit on VC and ECA when they paid them tuition money in exchange for the their educational services.

75. VC and ECA have been unjustly enriched in retaining the revenues derived from Plaintiff Robinson and the Class, the retention of which under these circumstances in unjust and inequitable because the educational services provided by VC and ECA were in accordance with neither the advertisements, marketing materials and/or warranties disseminated by VCA and ECA nor the reasonable expectations of ordinary consumers and caused Plaintiff Robinson and the Class to lose money as a result thereof.

76. Plaintiff Robinson and the Class suffered a loss of money as a result of VC and ECA's unjust enrichment because they would not have purchased their educational services on the same terms if the true facts concerning said educational services had been known.

77. Because VC and ECA's retention of the non-gratuitous benefit conferred on it by Plaintiff Robinson and the Class is unjust and inequitable, VC and ECA must pay restitution to Plaintiff Robinson and the Class for their unjust enrichment.

78. Plaintiff Robinson and the Class are entitled to restitution of, disgorgement of, and/or the imposition of the constructive trust upon, all profits, benefits, and other compensation obtained by the Defendants' misleading and unlawful conduct.

## COUNT VII – INJUNCTIVE RELIEF

79. All allegations and paragraphs in this complaint are incorporated by reference.

80. VC and ECA have acted in a manner that is adverse to the financial and educational well being of Plaintiff Robinson and the Class and as a result should be required to provide education at accredited institutions free of charge.

81. VC and ECA, as a result of their actions and inactions, have failed to take reasonable and necessary steps to protect the general financial and educational well being of Plaintiff Robinson and the Class and should be required to provide alternative tuition at accredited institutions free of charge.

82. VC and ECA, as a result of their actions and inactions, have caused Plaintiff Robinson and the Class to incur unnecessary and excessive student debt for no educational or vocational benefit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Robinson, for himself and the Class, demand judgment against the VC and ECA as follows:

   a. An award for all injuries and damages for the VC and ECA's negligence and wantonness;

   b. An award for all injuries and damages for VC and ECA's breach of the ADTPA;

   c. An award for all injuries and damages for VC and ECA's breach of implied warranties;

   d. An award for all injuries and damages for VC and ECA's breach of contract;

   e. An award for all injuries and damages for the VC and ECA's unjust enrichment;

   f. An injunction to enjoin VC and ECA;

   g. Attorneys' fees and costs;

h. All other damages as permitted by law and as ultimately determined by the finder of fact.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY STRUCK JURY**

BY: */s Taylor C. Bartlett*

Taylor C. Bartlett
ASB-2365-A51B
taylor@hgdlawfirm.com
W. Lewis Garrison, Jr.
ASB-3591-N74W
Mark Ekonen
ASB-0204-R79E

Attorneys for Plaintiff

Of Counsel:

Heninger Garrison Davis LLC
2224 First Avenue North
Birmingham, AL 35203
Tel: 205-326-3336
Fax: 205-380-8085