IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KEVEN ROBINSON, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION NO.: 2:19-CV-64-RDP |
| VIRGINIA COLLEGE, LLC AND EDUCATION CORPORATION OF AMERICA, | ) |
| Defendants. | ) |

**DEFENDANTS' SUR-REPLY IN RESPONSE TO PLAINTIFF'S SUR-REPLY TO DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STRIKE PLAINTIFF'S CLASS ACTION CLAIMS**

COMES NOW Defendants Virginia College LLC and Education Corporation of America ("Defendants"), and respectfully file this sur-reply in support of Defendants' Motion to Compel Arbitration and to Strike Plaintiff's Class Action Claims (D.E. 3) ("Defendants' Motion"), and in response to Plaintiff's Sur-Reply making new arguments in opposition to that Motion (D.E. 10) ("Plaintiff's Sur-Reply").

**I.   The agreement to arbitrate "any claims" Robinson has against Defendants is a "party specific" agreement to arbitrate all claims the parties have against each other.**

Robinson cites no caselaw whatsoever in support of his argument (made for the first time in his Sur-Reply) that the "party specific" agreement to arbitrate "any claims" that Robinson may have against Defendants is a "subset" of the agreement to arbitrate claims against anyone "arising out of or related to," *inter alia*, the employment relationship. The Arbitration Agreement reads:

> 1.   <u>Mutual Agreement to Arbitrate</u>.  Except for the claims set forth in the paragraph below, the parties agree that any dispute, controversy or claim arising out of or related to this Agreement, the employment relationship between the

parties, or the termination of the employment relationship shall be resolved by binding arbitration administered by the American Arbitration Association in accordance with its Employment Arbitration Rules. The agreement to arbitrate includes any claims that the Company may have against the Employee or that Employee may have against the Company or against any of its officers, directors, employees, agents or parent, subsidiary or affiliated entities, except as set for[th] below, including any claims that could have been brought before any court. . . . .

(D.E. 3-1, ¶ 1).

The two sentences describe two different types of claims, both of which are arbitrable and included in the Arbitration Agreement. The first sentence describes claims that "aris[e] out of or relate[] to," *inter alia*, the employment relationship, which is the type of language used to capture claims against nonsignatories.[1] The second sentence describes what the Eleventh Circuit calls "party specific claims," i.e., claims between Robinson and Defendants as signatories.[2] The Arbitration Agreement includes *both* types of claims. The second is not a subset of the first – it does not refer to the first sentence with language such as "such claims include any claims . . . ." or the like. Rather, *both* sets of claims are subsets of the overall Arbitration Agreement.[3] As to "party specific claims" between Robinson and Defendants, the second sentence controls.[4] "Any claims" means <u>all</u> party-specific claims are arbitrable. (D.E. 7, pp. 2-3).

---

[1] *See e.g.*, *Escobal v. Celebration Cruise Operator, Inc.*, 482 Fed. Appx. 475, 475-76 (11th Cir. 2012) (holding that plaintiff's claims against a nonsignatory were arbitrable under his employment agreement which required arbitration of "all disputes arising out of the [employment] contract"); *Grandville v. Mid-South Petroleum*, No. 7:10-cv-2484, 2011 WL 13232127, at *3 (N.D. Ala. March 1, 2011) (interpreting similar clause in employment agreement that required any dispute "arising out of or related to this Agreement" to include claims against defendants who were not parties or signatories to the arbitration agreement).

[2] *See e.g.*, *Variable Annuity Life Ins. Co. v. Laferrera*, 680 Fed. Appx. 880, 883-84 (11th Cir. 2017) (describing agreement to arbitrate disputes between "Registered Representative" (the defendants) and "Broker-Dealer) (the plaintiff) as "party specific" and thus *not* covering nonsignatories).

[3] Robinson incorrectly argues that "the Defendants have identified no case law in which a court has held that an arbitration agreement (or class action waiver) signed as part of an employment agreement covers all disputes between the parties." Plaintiff's Sur-Reply, p. 1. *See Haaasbroek v. Princess Cruise Lines, Ltd.*, 286 F. Supp. 3d 1352, 1359 (S.D. Fla. 2017) *see also* D.E. 7, pp. 2-3 & n. 1.

[4] *Internaves de Mexico S.A. DE C.V. v. Antromeda Steamship Corp.*, 898 F. 3d 1087, 1093 (11th Cir. 2018) (in interpreting an arbitration agreement, "the rule of construction is that the specific provisions in the agreement control" over general provisions).

**II. The Class Action Waiver does not have any language limiting it to employment-related disputes.**

Robinson cites no caselaw supporting his new argument that class action waivers can *only* apply to claims arising from the agreement containing the waiver. None of Plaintiff's cited cases so hold. *See* Plaintiff's Sur-Reply, p. 3. Merely because those cases happen to involve claims arising out of the agreement containing the waiver does not mean that the waiver will be enforced only in those circumstances. Rather, the Eleventh Circuit has held that a class action waiver, and an arbitration agreement, should be "enforced according to their terms."[5] If an "arbitration provision in an employment contract could cover claims that are not related to, or arising from, the plaintiff's employment,"[6] a class action waiver in an employment contract similarly may do so.

The Class Action Waiver in the Arbitration Agreement that Robinson admits he signed is broad and does not have any "arising out of or related to" limiting language:

> Class/Collective Action Waiver. **BY ENTERING THIS AGREEMENT, THE PARTIES AGREE THAT EACH MAY BRING CLAIMS AGAINST THE OTHER ONLY IN THEIR INDIVIDUAL CAPACITY, AND NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS AND/OR COLLECTIVE PROCEEDING.**

(D.E. 3-1, ¶ 4.) The Class Action Waiver is "party specific," in addressing "claims" that the "parties" may bring against each other, with no limitation. Those "claims" are the "party-specific" claims earlier referenced in the Arbitration Agreement: "<u>any claims</u> that the Company may have against Employee or that Employee may have against the Company . . . ." (*Id.*, ¶1). The Class Action Waiver applies to any claims Robinson has against Defendants, and "any claims" means "all claims." (D.E. 7, pp. 2-3).

---

[5] *Pendergast v. Sprint Nextel Corp.*, 691 F. 3d 1224, 1236 (11th Cir. 2012).

[6] *Haaasbroek*, 286 F. Supp. 3d at 1359 (citing *Doe v. Princess Cruise Lines, Ltd*, 657 F. 3d 1204, 1211 (11th Cir. 2011)).

3

Robinson requests the following interpretation: "The Parties agree that each may bring claims *arising out of or related to the employment agreement* against the other only in their individual capacity . . . ."  Contract interpretation rules do not allow Plaintiff's interpretation inserting a term that is not there.[7]  The class action waiver in *Palmer v. Convergys Corp.*, No. 7:10-cv-145, 2012 WL 425256, at *1 (M.D. Ga. Feb. 9, 2012), included such a limitation ("I further agree that I will pursue any claim or lawsuit *relating to my employment* . . . as an individual . . . .") (emphasis added).  Robinson's Class Action Waiver does not.[8]

Respectfully submitted this 7th day of February 2019.

>                             */s/ Ollie A. ("Tres") Cleveland, III*
>                             Ollie A. ("Tres") Cleveland, III
>                             Brandt P. Hill
>                             **MAYNARD, COOPER & GALE, P.C.**
>                             1901 Sixth Avenue North
>                             2400 Regions/Harbert Plaza
>                             Birmingham, Alabama 35203-2602
>                             (205) 254-1000
>                             (205) 254-1999 (fax)
>                             tcleveland@maynardcooper.com
>                             bhill@maynardcooper.com
>
>                             *Attorneys for Defendants Virginia College, LLC and Education Corporation of America*

---

[7] *Internaves de Mexico s.a. de C.V.*, 898 F. 3d 1097 (in interpreting a contract, "courts must take care not to alter or go beyond the express terms of the agreement, or to impose obligations on the parties that are not mandated by the unambiguous terms of the agreement itself") (citation omitted).

[8] Plaintiff's Sur-Reply also argues that the Arbitration Agreement's survival clause is "irrelevant." (D.E. 10, p. 4). Defendants, however, have already addressed its relevancy. (*See* D.E. 7, p. 7).

## **CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system, and served upon the following counsel via email, this the 7th day of February 2019:

Taylor C. Bartlett
W. Lewis Garrison, Jr.
**HENINGER GARRISON DAVIS LLC**
2224 First Avenue North
Birmingham, AL 35203
(205) 326-3336
(205) 380-8085 (fax)
taylor@hgdlawfirm.com
wlgarrison@hgdlawfirm.com

*Attorney for Plaintiff*

                                                     */s/ Ollie A. ("Tres") Cleveland, III*
                                                   Ollie A. ("Tres") Cleveland, III

## **CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system, and served upon the following counsel via email, this the 8th day of February 2019:

Taylor C. Bartlett
W. Lewis Garrison, Jr.
**HENINGER GARRISON DAVIS LLC**
2224 First Avenue North
Birmingham, AL 35203
(205) 326-3336
(205) 380-8085 (fax)
taylor@hgdlawfirm.com
wlgarrison@hgdlawfirm.com

*Attorney for Plaintiff*

                                                          */s/ Brandt P. Hill*
                                                          Brandt P. Hill